**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002

**Notice of Appeal from a Decision of an Immigration Judge**

*Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.*

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

A242 184 686 ZELAYA-MENDEZ, YONY JAVIER

For Official Use Only

! **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

**2.** I am  ☐ the Respondent/Applicant  ☑ DHS-ICE *(Mark only one box.)*

**3.** I am  ☑ DETAINED  ☐ NOT DETAINED *(Mark only one box.)*

**4.** My last hearing was at __477 Michigan Avenue, Suite 440, Detroit, MI  48226__ *(Location, City, State)*

**5.** **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☑ I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated __October 9, 2025__.

☐ I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated _____ . (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court?  ☐ Yes.  ☐ No.)

☐ I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated _____.

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

**Page 1  of  3**

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

**6.** **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

1. REASONS FOR DHS APPEAL:

SEE ATTACHED Continuation pages for EOIR-26 Department's Notice of Appeal

2. REQUEST FOR ASSIGNMENT TO 3-MEMBER PANEL:

A SINGLE MEMBER MAY ONLY REVERSE THE DECISION OF AN IJ IN LIMITED CIRCUMSTANCES NOT APPLICABLE HERE. 8 C.F.R. § 1003.1(e)(5). DHS SEEKS REVERSAL OF THE DECISION BELOW BECAUSE THE IJ ERRED AS A MATTER OF LAW IN GRANTING THE RESPONDENTS' APPLICATIONS FOR ASYLUM UNDER SECTION 208(a)(2)(B) OF THE IMMIGRATION AND NATIONALITY ACT. AS ONLY A 3-MEMBER PANEL CAN GRANT WHAT DHS SEEKS, DHS REQUESTS THE APPEAL BE ASSIGNED TO A 3-MEMBER PANEL FOR CONSIDERATION.

*(Attach additional sheets if necessary)*

**!** **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

**7.** Do you desire oral argument before the Board of Immigration Appeals?   ☐ Yes   ☑ No

**8.** Do you intend to file a separate written brief or statement after filing this Notice of Appeal?   ☑ Yes   ☐ No

**9.** If you are unrepresented, do you give consent to the BIA Pro Bono Project to have your case screened by the Project for potential placement with a free attorney or accredited representative, which may include sharing a summary of your case with potential attorneys and accredited representatives? *(There is no guarantee that your case will be accepted for placement or that an attorney or accredited representative will accept your case for representation)*   ☐ Yes   ☐ No

**!** **WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

**10.** | **Print Name:** | Theresa Bross, Assistant Chief Counsel

**11.** | **Sign Here:** ▶ | X THERESA M BROSS    Digitally signed by THERESA M BROSS Date: 2025.11.04 18:03:59 -05'00'    **11/5/2025**

Signature of Person Appealing
*(or attorney or representative)*

Date

**Page 2  of  3**

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

**12.**

**Mailing Address of Respondent(s)/Applicant(s)**

YONY ZELAYA-MENDEZ
(Name)

NORTH LAKE CORRECTIONAL FACILITY
(Street Address)

1805 W 32ND ST
(Apartment or Room Number)

BALDWIN MI 49304
(City, State, Zip Code)

(Telephone Number)

**11.**

**Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)**

Carolyn Marie Corrado
(Name)

50 Clinton Street
(Street Address)

Suite 501
(Suite or Room Number)

Hempstead, NY  11550
(City, State, Zip Code)

516-414-0080
(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**13.**

**PROOF OF SERVICE (You Must Complete This)**

I Theresa Bross mailed or delivered a copy of this Notice of Appeal
(Name)

on 11/5/2025 to YONY ZELAYA-MENDEZ  and Carolyn Marie Corrado
(Date)        (Opposing Party)

at North Lake Correctional Facility, 1805 W 32ND ST, BALDWIN MI 49304  and 50 Clinton Street, Suite 501,Hempstead, NY  11550
(Number and Street, City, State, Zip Code)

☐ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

| **SIGN HERE** ➡ | X THERESA M BROSS | Digitally signed by THERESA M BROSS<br>Date: 2025.11.04 18:04:21 -05'00' |
| --- | --- | --- |

Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee payment receipt, fee, or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

**HAVE YOU?**

☐ Read all of the General Instructions.
☐ Provided all of the requested information.
☐ Completed this form in English.
☐ Provided a certified English translation for all non-English attachments.
☐ Signed the form.

☐ Served a copy of this form and all attachments on the opposing party, if applicable.
☐ Completed and signed the Proof of Service
☐ Attached the required fee payment receipt, fee, or Fee Waiver Request.
☐ If represented by attorney or representative, attach a completed and signed EOIR-27 for each respondent or applicant.

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

EOIR – 3 of 9

**Continuation Page for EOIR-26, Notice of Appeal,**
**YONY JAVIER ZELAYA-MENDEZ - A242 184 686**

The Department of Homeland Security (Department) appeals the October 10, 2025, decision of the Immigration Judge granting the respondent's Application for Cancellation of Removal (EOIR-42B). The respondent failed to meet his burdens of proof to be granted relief under section 240A(b) of the Immigration and Nationality Act and that he warranted relief as a matter of discretion.

The Immigration Judge clearly erred in finding the respondent credible. The respondent's testimony was inconsistent with evidence he provided in support of his case. The respondent admitted to being arrested twice for possession of cocaine and attending Alcoholics Anonymous (AA) meetings. However, he repeatedly denied having a drinking problem or ever consuming a controlled substance in the United States. This testimony is contradicted by a letter submitted by the respondent which stated he was having issues with alcohol. The respondent was dishonest with the court concerning his substance abuse issues and should not have been found to be a credible witness.

The Immigration Judge also erred in finding that the respondent met his burden of showing that his U.S. citizen children would suffer "exceptional and extremely unusual hardship" if he were removed to Honduras. The respondent has two United States citizen children. His son is 14 years old and has been diagnosed with depression. The respondent's daughter is 7 years old and has been diagnosed with mild/moderate autism. Both children attend school and perform academically at grade level. The mother of the children does not have any immigration status, and the children will go to Honduras if the respondent is ordered removed. The Immigration Judge's interpretation of "exceptional and extremely unusual hardship" contradicts the Board of Immigration Appeals' long established "very high standard" under section 240A(b) of the Immigration and Nationality Act (Act), which requires a showing of hardship that is "substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *Matter of Andazola*, 23 I&N Dec. 319 (BIA 2002) (holding that the requisite hardship standard had not been met, despite respondent's claim that she would become a single mother and sole supporter of her U.S. citizen children if she were removed to Mexico, as respondent was in good health, able to work, had assets, and her children spoke both English and Spanish); *see also Matter of Monreal*, 23 I&N Dec. 56 (BIA 2001)(finding that the requisite hardship standard had not been met where respondent's children were healthy, were doing well in school, and spoke both English and Spanish, and where respondent was healthy to work in Mexico and had family in Mexico). That standard requires hardship that is "significantly different from or greater than the hardship that a deported alien's family normally experiences." *Moctezuma-Reyes v. Garland*, 124 F.4th 416, 422 (6th Cir. 2024). The alleged hardships to the qualifying relatives in this case largely centers on the respondent's daughter. However, the evidence of record demonstrates that the respondent's daughter has been improving in school and is reading and writing at grade level. Additionally, the respondent's daughter is described in reports as being bilingual and she is no longer receiving formal speech or language services. Additionally, the respondent failed to establish his children could not attend school in Honduras or receive medical treatment in that country.

The Immigration Judge also erred in finding that the respondent merited a favorable exercise of discretion. *Matter of Marin*, 16 I&N Dec. 581, 585 (BIA 1978).  The Immigration Judge did not adequately weigh the respondent's criminal history, lack of rehabilitation evidence, and lack of credibility when deciding to grant the respondent's application. The respondent admitted to being arrested on four separate occasions in the United States. He was first arrested on July 17,

**Continuation Page for EOIR-26, Notice of Appeal,**
**YONY JAVIER ZELAYA-MENDEZ - A242 184 686**

2006, in New York concerning an argument with a neighbor. This arrest resulted in a restraining order being placed against him and a conviction for harassment and disorderly conduct. The respondent was also arrested on February 5, 2010, for possession of cocaine. That charge was dismissed and he pled guilty to disorderly conduct on April 5, 2010. The respondent was next arrested on June 26, 2015, and charged with leaving the scene of an accident. He pled guilty to driving without a license and leaving the scene of a property damage accident on December 20, 2016. He was also arrested on October 25, 2019, for possession of a controlled substance and speeding. Those charges were dismissed on March 15, 2021. In testimony, the respondent admitted his two arrests for possession of controlled substance concerned possession of cocaine. The respondent admitted that he possessed cocaine knowing it was a controlled substance and illegal to possess.  The respondent's repeated violations of the law demonstrate that he has a complete disregard for the laws of the United States and was not deserving of being granted relief as a matter of discretion.

The Department further reserves the right to raise additional arguments after receipt and review of the transcript of proceedings in this case.



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**DETROIT IMMIGRATION COURT**

| | |
|---|---|
| Respondent Name:<br><br>ZELAYA-MENDEZ, YONY JAVIER<br><br>To:<br><br>Corrado, Carolyn Marie<br>50 Clinton Street<br>Suite 501<br>Hempstead, NY 11550 | A-Number:<br>242-184-686<br>Riders:<br>In Removal Proceedings<br>Initiated by the Department of Homeland Security<br>Date:<br>10/10/2025 |

## ORDER OF THE IMMIGRATION JUDGE

☑ This is a summary of the oral decision entered on 10/09/2025. The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.

☐ Both parties waived the issuance of a formal oral decision in this proceeding.

### I.    Removability

The immigration court found Respondent ☑ removable ☐ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA or Act): 212(a)(6)(A)(i)

The immigration court found Respondent ☐ not removable ☐ not inadmissible under the following Section(s) of the Act:

### II.    Applications for Relief

Respondent's application for:

A.  Asylum/Withholding/Convention Against Torture

☐ Asylum was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Withholding of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Deferral of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Respondent knowingly filed a frivolous application for asylum after notice of the consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B. Cancellation of Removal

☐ Cancellation of Removal for Lawful Permanent Residents under INA § 240A(a) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☑ Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1) was ☑ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Special Rule Cancellation of Removal under INA § 240A(b)(2) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

C. Waiver

☐ A waiver under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

D. Adjustment of Status

☐ Adjustment of Status under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

E. Other

Respondent's Form I-589 was withdrawn with prejudice.

### III.    Voluntary Departure

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ granted, and Respondent is ordered to depart by            . The respondent must post a $ bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences for failure to depart as ordered, the bond posting requirements, and the consequences of filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set ☐ the presumptive civil monetary penalty amount of $3,000.00 USD ☐ $ USD instead of the presumptive amount.
If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of

10 years, for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of nonimmigrant status. *Id.* If Respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA § 274D and 8 C.F.R. § 280.53(b)(14). If Respondent is removable pursuant to INA § 237(a), then Respondent shall be further fined and/or imprisoned for up to 10 years. See INA § 243(a)(1). Further, any Respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both. 8 U.S.C. § 1326(a).

## IV.     Removal

☐   Respondent was ordered removed to

☐   In the alternative, Respondent was ordered removed to

☐   Respondent was advised of the penalties for failure to depart pursuant to the removal order:

> If Respondent is subject to a final order of removal and willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA § 274D and 8 C.F.R. § 280.53(b)(14). If Respondent is removable pursuant to INA § 237(a), then Respondent shall be further fined and/or imprisoned for up to 10 years. See INA § 243(a)(1). Further, any Respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both. 8 U.S.C. § 1326(a).

## V.     Other

☐ Proceedings were ☐ dismissed ☐ terminated with prejudice ☐ terminated without prejudice ☐ administratively closed.

☐ Respondent's status was rescinded under INA § 246.

☐ Other:

Immigration Judge: Katherine L. Hansen 10/10/2025

Appeal:     Department of Homeland Security: ☐ waived  ☑ reserved
            Respondent:                      ☑ waived  ☐ reserved
Appeal Due: 11/10/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : ZELAYA-MENDEZ, YONY JAVIER | A-Number : 242-184-686

Riders:

Date: 10/10/2025 By: MORENO-BURNEY, MARIA, Court Staff